UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR MANUEL OROZCO,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

Case No. 22-cv-07369 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a state prisoner currently confined at the Monterey County Jail in Salinas, filed a letter on November 22, 2022, complaining of jail conditions at the Santa Cruz County Jail and seeking his release and monetary damages. Dkt. No. 1. This letter was construed as an attempt to file a civil rights action pursuant to 42 U.S.C. § 1983. On the same day, the Clerk sent him a copy of the court form and instructions to file a response twenty-eight days. Dkt. No. 3.

    On December 2, 2022, Plaintiff filed a complaint naming various individuals at the Santa Cruz County Jail. Dkt. No. 6 at 2. Then on January 23, 2023, Plaintiff filed another packet of papers which was docketed as a "complaint." Dkt. No. 12. The Court now conducts an initial review of these papers.

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff names the following as Defendants in this action: A. Ocompo, J. Wooley, Sgt. Enrico, L. Schumacher, L. Madrigal, C. Walker, L. Vizcara, A. Ward, Dr. Ho. Dkt. No. 6 at 2. Plaintiff indicates these Defendants are "CO's at Santa Cruz Co. Jail." Id. Under the statement of claim, Plaintiff states the following: "cruel and unusual punishment, conflicked of interest, negligence, ass[a]ults, battery, false arrest, abuse of process, intentional inflickstion of emotional distress, damages, loss to personal property, negligence claim, duty, breech of contract, causation, mental anguish, depervation of rights [sic]." Id. at 2-3. Plaintiff seeks compensation for injuries and damages, as well as attorney fees, release from jail, and acquittal of all charges. Id. at 3.

There are several problems with this complaint. First of all, Plaintiff merely provides a list of causes of action with no facts in support. Moreover, Plaintiff fails to explain how each named Defendant acted in such a way to cause him injury. In sum, Plaintiff has failed to allege the two essential elements to state a cognizable claim under §

2

1983 against any named Defendant. *See West*, 487 U.S. at 48. Furthermore, the additional papers that Plaintiff filed subsequently do not cure this deficiency. Dkt. No. 12. These papers are simply copies of state regulations[1] and an "Overview of [Federal] Civil Rights Litigation" obtained through Westlaw. *Id.* However, these papers contain no statement of facts to support any claim against the named Defendants. *Id.*

There is also a problem with the type of relief Plaintiff seeks. Plaintiff refers to a false arrest and seeks release from jail. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under 42 U.S.C. § 1983." *Id.* Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). Accordingly, if Plaintiff seeks to be released from jail, he must file a habeas petition. However, it appears that Plaintiff's state criminal proceedings may be ongoing and that he has not yet been convicted. To the extent that Plaintiff seeks federal intervention, the Court will not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above. Federal Rule of Civil Procedure 8(a)(2) requires only "a

---

[1] Plaintiff has simply signed his name throughout in the spaces provided where templates for state complaints have been included. *See, e.g.,* Dkt. No. 12 at 9-15, Dkt. No. 12-1 at 9-10.

short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-07369 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not

4

named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. In a separate order, the Court has granted Plaintiff an extension of time to file supporting documents to complete his motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiff is advised that if he fails to resolve the matter of the filing fee, either by filing a complete IFP application or paying the full filing fee in the time provided, this action will also be subject to dismissal on that basis.

4. The Clerk shall correct Docket No. 12 to indicate that it is a "Supplemental Complaint" rather than "Complaint."

5. Defendant "United States" is DISMISSED from this action as Plaintiff is suing employees of the Santa Cruz County Jail. The Clerk shall terminate "United States" from this action.

6. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: ___March 29, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.22\07369Orozco_dwlta